UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAZZALYNN MCMURRIN, *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 3:22-cv-00183 |
| THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER., *Defendant.* | § § § § | |

### DEFENDANT THE UNIVERSITY OF TEXAS M.D. ANDERSON CANCER CENTER'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendant The University of Texas M.D. Anderson Cancer Center ("Defendant" or "M.D. Anderson")[1] files this Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). This Court should dismiss Plaintiff's discrimination and retaliation claims brought under 42 U.S.C. § 1981 and the Texas Labor Code, as well as Plaintiff's claims for negligent hiring, retention, and supervision, and intentional infliction of emotional distress (the "tort claims") because all of those claims are barred by sovereign immunity.

### I. BACKGROUND

Plaintiff is a nurse who was formerly[2] employed by Defendant. Doc. 16 ¶ 2. Plaintiff alleges Defendant discriminated against her by subjecting her to "disparate working conditions,"

---

[1] Plaintiff's Original Complaint failed to name the correct Defendant, and instead named "M.D. Anderson Services Corporation d/b/a M.D. Anderson Cancer Center." Doc. 1. M.D. Anderson Services Corporation filed a Motion to Dismiss Improper Party, noting that it is a private entity separate from M.D. Anderson Cancer Center. Doc. 8. Plaintiff's First and Second Amended Complaints were subsequent attempts to name and serve the proper Defendant. Defendant M.D. Anderson waived service of the Third Amended Complaint.

[2] Plaintiff alleges that she is currently employed by Defendant M.D. Anderson. However, Plaintiff left Defendant's employment in September 2021.

1

harassment, a hostile working environment, and expressing stereotypes; and retaliated against her for complaining of such discriminatory practices. Doc. 16 ¶¶ 117-119, 123. Plaintiff also alleges Defendant "violated its duty as Plaintiff's employer" to provide a safe workplace by failing to supervise Plaintiff' co-workers and failing to investigate Plaintiff's complaints; and that the above-described conduct was intentional or reckless and caused Plaintiff severe emotional distress. *Id*. ¶¶ 138, 141.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal where a court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Plaintiff has the burden to establish subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Sovereign immunity (as recognized by the Eleventh Amendment) deprives a court of jurisdiction and is thus properly raised in a motion to dismiss pursuant to Rule 12(b)(1). *See Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (per curiam).

Under Rule 12(b)(1), a defendant may challenge a court's subject matter jurisdiction through a "facial attack" or a "factual attack." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Defendant brings a facial attack against Plaintiff's § 1981, Texas Labor Code, and tort claims. Where a defendant challenges subject matter jurisdiction on the face of a complaint, the district court presumes the plaintiff's factual allegations to be true and determines whether those allegations are legally sufficient to establish jurisdiction. *See id.* Here, even if Plaintiff's factual allegations are assumed to be true (which Defendant denies), Defendant is immune from Plaintiff's § 1981, Chapter 21, and tort claims.

## III. LAW AND ARGUMENT

It is well-settled that sovereign immunity (as recognized by the Eleventh Amendment) deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). M.D. Anderson is an arm of the State of Texas. *See* Tex. Educ. Code §§ 73.001, *et seq.* (establishing the University of Texas at Houston); *id*. § 73.001(3) (establishing M.D. Anderson as a "component institution[s] under the management and control of the board of regents of the University of Texas System").

As a governmental entity, M.D. Anderson enjoys the same sovereign immunity possessed by the State of Texas. *See, e.g.*, *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("The Supreme Court has recognized that sovereign immunity also prohibits suits against state officials or agencies that are effectively suits against a state. In short, Eleventh Amendment immunity is not limited to cases in which states are named as defendants." (citations omitted)). "So, unless the state has waived sovereign immunity or Congress has expressly abrogated it, the Eleventh Amendment bars the suit." *Id*.

### A. Plaintiff's § 1981 claims

The State of Texas has not waived its sovereign immunity against § 1981 claims. It is also well-established that Congress has not abrogated Texas's immunity from § 1981 claims. *See, e.g., Moore v. Univ. Miss. Med. Ctr.*, 719 F. App'x 381, 388 (5th Cir. 2018) ("Section 1981 does not waive a state's Eleventh Amendment immunity."); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) ("Unlike Title VII, Section 1981 contains no congressional waiver of the

state's eleventh amendment immunity."); *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 625 (S.D. Tex. 2014) ("Congress also has not abrogated sovereign immunity with respect to claims under § 1981."); *Bates v. Univ. of Tex. Med. Branch*, 425 F. Supp. 2d 826, 839 (S.D. Tex. 2003) (dismissing a claim for racial discrimination brought under § 1981 against a state university because "§ 1981 does not abrogate the States' sovereign immunity"). Thus, sovereign immunity bars Plaintiff's § 1981 claim against Defendant and must be dismissed.

### B. Plaintiff's Texas Labor Code claims

Texas has nowhere waived its sovereign immunity against Chapter 21 claims in federal court. As the Fifth Circuit has repeatedly held, Chapter 21 of the Texas Labor Code waives Texas' immunity from suit *only* in state court, *not* in federal court. *See, e.g.*, *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 599 (5th Cir.) (2021); *Pequeno v. Univ. of Tex. at Brownsville*, 718 F. App'x 237, 241 (5th Cir. 2018); *Hernandez v. Tex. Dep't of Hum. Servs.*, 91 F. App'x 934, 935 (5th Cir. 2004) (per curiam); *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002). Further, Congress certainly has not purported to abrogate Texas' sovereign immunity against Chapter 21 claims in federal court, nor does supplemental jurisdiction eliminate the sovereign immunity bar. *Watson v. Texas*, 261 F.3d 436, 440 n.5. (5th Cir. 2001). Sovereign immunity therefore bars Plaintiff's claims arising under Chapter 21 of the Texas Labor Code.

### C. Plaintiff's tort claims

"[U]nder the Texas Tort Claims Act, a state entity can waive its sovereign immunity under limited circumstances. The Act did not abolish sovereign immunity, and [courts] must look to the terms of the Act to determine the scope of its waiver." *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Texas 1996); *Subbiah v. Kiel*, 850 F. Supp.2d 653, 660 (N.D. Texas 2011) *aff'd sub*

*nom.* ("The State of Texas, its agencies, and subdivisions generally enjoy sovereign immunity from tort liability.")

The only tort claims not barred by sovereign immunity are those that involve the use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property. Tex. Civ. Prac. & Rem. Code § 101.021. Claims alleging negligent hiring, training, and supervision or intentional infliction of emotional distress do not fall withing that limited waiver. *Kesler v. King* 29 F. Supp. 2d 356, 377 (S.D. Texas 1998). Further, specifically as to Plaintiff's intentional infliction of emotional distress cause of action, the Texas Tort Claims Act expressly preserves immunity from intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057(2); *Bates*, 425 F. Supp. 2d 826, at 840 (the court found intentional infliction of emotional distress was, by definition, an intentional tort, and thus barred by immunity). Thus, Plaintiff's tort claims are also barred by sovereign immunity and must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's § 1981, Texas Labor Code, and tort claims in their entirety.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN E. COWLES
Deputy Attorney General for Civil Litigation

5

<pre>                                    CHRISTOPHER D. HILTON
                                    Chief, General Litigation Division

                                         /s/ Mary B. Quimby
                                    **MARY B. QUIMBY**
                                    *Attorney in Charge*
                                    Texas Bar No. 24132506
                                    Southern District Bar No. 3821837
                                    Assistant Attorney General
                                    General Litigation Division
                                    Office of the Attorney General
                                    P.O. Box 12548, Capitol Station
                                    Austin, Texas 78711-2548
                                    (512) 463-2120 – Phone
                                    (512) 320-0667 – Fax
                                    mary.quimby@oag.texas.gov

                                    **Counsel for Defendant**
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2022, a true and correct copy of this document was electronically filed using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record:

Robert Teir
21 Waterway Avenue, Suite 300
The Woodlands, Texas 77380-3099
rob@tier-law.com
*Counsel for Plaintiff*

<pre>
                                         /s/ Mary B. Quimby
                                    **MARY B. QUIMBY**
</pre>