Case 3:22-cv-00183   Document 51   Filed on 11/15/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 15, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| JAZZALYNN MCMURRIN, § § Plaintiff. § § V. § § M.D. ANDERSON SERVICES § CORPORATION, *et al.*, § § Defendants. § | CIVIL ACTION NO. 3:22-cv-00183 |

## MEMORANDUM AND RECOMMENDATION

Pending before me in this employment discrimination case is a Motion for Summary Judgment filed by Defendant The University of Texas MD Anderson Cancer Center ("MD Anderson"). *See* Dkt. 46. Had MD Anderson properly served its motion, Plaintiff Jazzalynn McMurrin, proceeding without a lawyer, would have owed a response to the motion by October 18, 2024. When the October 18, 2024 deadline passed without a response from McMurrin, I checked to see if service was proper. *See* Dkt. 48. It was not. MD Anderson properly effectuated service on October 23, 2024, *see* Dkt. 49, which gave McMurrin a new response deadline of November 13, 2024. Alas, McMurrin still has not responded to MD Anderson's Motion for Summary Judgment.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (cleaned up). To survive summary judgment, the nonmovant must present evidence to support each essential element of her claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by

unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quotation omitted). Rather, "the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim." *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (cleaned up).

When, as here, "a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3). By failing to respond to the Motion for Summary Judgment, McMurrin has left every fact undisputed. *See* FED. R. CIV. P. 56(e)(2). I have reviewed MD Anderson's Motion for Summary Judgment and supporting materials—they demonstrate that MD Anderson is entitled to summary judgment on all three of McMurrin's claims: race discrimination, retaliation, and hostile work environment.[1]

McMurrin's discrimination claim fails because she did not suffer an adverse employment action and cannot show that anyone outside her protected class was treated more favorably. *See Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 513 (5th Cir. 2001). McMurrin voluntarily left her employment with MD Anderson and has not proffered evidence that she was discriminated against "with respect to hiring, firing, compensation, or the terms, conditions, or privileges of employment." *Hamilton v. Dallas County*, 79 F.4th 494, 506 (5th Cir. 2023) (quotation omitted). Nor has McMurrin proffered evidence of constructive discharge. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556–58 (5th Cir. 2007). McMurrin's failure to identify an adverse employment action is fatal to both her

---

[1] Although the undisputed facts show that MD Anderson is entitled to judgment as a matter of law, abandonment is an independent and sufficient reason to award judgment to MD Anderson. The Fifth Circuit has held that "[a] plaintiff abandons claims when [she] fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022). That is exactly the situation here—McMurrin has abandoned her claims.

discrimination and retaliation claims. Finally, McMurrin's hostile work environment claim fails because the four offensive comments, *see* Dkt. 46 at 32, of which she complains—while far from model workplace behavior—did not affect "a term, condition, or privilege of [her] employment." *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1066 (5th Cir. 2023).

## CONCLUSION

For the reasons discussed above, I recommend that MD Anderson's Motion for Summary Judgment (Dkt. 46) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 15th day of November 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE